| | |
|---|---|
| Robert J. McNelly, Esquire<br>Attorney I.D. #84898<br>McNelly Law Offices, LLC<br>1415 Collegeville Road<br>Collegeville, PA 19426<br>Phone (610) 331-0272 | Attorneys for Plaintiff<br>Anitra Paris |

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Anitra Paris** | : | |
| **Plaintiff** | : | |
| v. | : | |
| **The City of Philadelphia,** | : | |
| **The City of Philadelphia Sheriff's** | : | |
| **Office, Wendell Reed,** | : | |
| **Sheriff Rochelle Bilal and Vernon** | : | |
| **Muse** | : | |
| **Defendants** | : | **CIVIL ACTION NO** |
| | : | **Jury Trial Demanded** |

### COMPLAINT

**AND NOW**, Plaintiff Anitra Paris, by and through her attorneys, McNelly Law Offices, LLC, complains against Defendants, The City of Philadelphia ("the City"), The City of Philadelphia Sheriff's Office ("the Sheriff's Office"), Wendell Reed ("Reed"), Sheriff Rochelle Bilal ("the Sheriff") and Vernon Muse ("Muse") (hereafter collectively referred to as "Defendants") and in support thereof avers as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's federal claims is proper under 28 U.S.C. § 1331. Any claims arising under state law are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendants conduct business in this District.

**PARTIES**

3. Plaintiff Anitra Paris ("Ms. Paris" or "Plaintiff") is an individual currently residing in Philadelphia, PA. Ms. Paris was employed by Defendants from on or about January 2020 through on or about August 7, 2020.

4. At all relevant times, Ms. Paris was and is a member of the protected class of gender, race and religion under federal and state laws.

5. Defendant, the City, is a is a political subdivision, governmental unit, and/or entity organized and existing under the laws of the Commonwealth of Pennsylvania with an office for the conduct of governmental affairs located at One Parkway Building, 17th Floor, 1515 Arch Street, Philadelphia, PA 19102-1595. The City acts, *inter alia,* by and through the employees, supervisors, public officials and policy makers of all various departments and agencies of the City, including the Sheriff's Office.

6. Defendant, the Sheriff's Office, is a political subdivision, governmental unit, and/or entity organized and existing under the laws of the Commonwealth of Pennsylvania with an address at 100 South Broad Street, Philadelphia, PA.

7. Defendant, Reed, at all times relevant to the allegations of this

Complaint, was employed as and was Chief of Staff of the City of Philadelphia Sheriff's Office.

8. Defendant, the Sheriff, at all times relevant to the allegations of this Complaint, is employed as and is the Sheriff of the City of Philadelphia.

9. Defendant, Muse, at all times relevant to the allegations of this Complaint, is employed as and is the Chief Deputy of the City of Philadelphia Sheriff's Office.

10. Defendants, Reed, the Sheriff and Muse are each being sued both in their respective individual/personal and professional capacities. At all relevant times, each Defendant was acting in the course of his or her employment and under the color of state and federal law.

## FACTS

11. Ms. Paris began her job as a Human Resource Manager for the Sheriff's Office in January 2020.

12. Ms. Paris's direct supervisor, Reed, almost immediately began sexually harassing her. Reed repeatedly commented on Ms. Paris's appearance. Reed introduced Ms. Paris to his wife as his "second wife". Then, a few days later, Reed texted Ms. Paris asking her to look up polygamy. Reed then, asked Ms. Paris about that same subject in person.

13. On January 10, 2020, Reed grabbed Ms. Paris and pulled her into the break room, shut the door, turned off the lights and hugged her. Ms. Paris told him "no", pushed him off of her and yelled at him never to touch her like that again and walked out.

14. On January 16, 2020, Reed told Ms. Paris that he sent her the roses that she received at work from her male friend. When Ms. Paris said that she knew that they were not from Reed, he again brought up the issue of polygamy. On January 17, 2020, Ms. Paris was instructed to report Reed's behavior despite her concerns of retaliation. She gave a written report on January 21, 2020. Subsequent to that report, Ms. Paris began noticing that she was receiving negative treatment from the Sheriff and other supervisors, including reduced training, reduced responsibilities and greater job scrutiny.

15. On January 31, 2020, the Sheriff sent the under Sheriff, Sommer Miller, to tell Ms. Paris to button her blouse all the way up because she could see her bra when Ms. Paris was delivering the checks. The Under Sheriff also told Ms. Paris to wear an extra top because "women like us with big breasts have a hard time."

16. On March 12 and 17, 2020, Ms. Paris received adverse job actions and/or treatment from Defendant Reed, including Reed changing the locks on Ms. Paris's office door and making a false report about Ms. Paris.

17. Ms. Paris had several instances where she attempted to adhere to Department policies, rules and/or laws, including time keeping, CoVid quarantine and HIPPA, but she was admonished or retaliated against by supervisors, including the Sheriff for reporting instances of wrongdoing.

18. In April 2020, the Sheriff directed Ms. Paris to hire a candidate without running a background check and to find a way to make her civil service without following proper procedures. When Ms. Paris questioned the Sheriff and

told her it was against policy not to run a background check and not to require a civil service test, the Sheriff threatened to fire Ms. Paris. Ms. Paris reported that incident to Sheila Pate, from the Central Human Resources Office, who confirmed that Ms. Paris could not take the actions that the Sheriff had directed her to do.

19. In April 2020, the Sheriff admonished Ms. Paris for following established Covid19 quarantine policies, including related to Chief Muse, and directed Ms. Paris to keep employees who tested positive working.

20. The Sheriff told Ms. Paris to mind her own business when Ms. Paris questioned her about the Sheriff's own violation of the quarantine policies when the Sheriff failed to quarantine after returning from a vacation out of the country.

21. The Sheriff told Ms. Paris to hire another employee as an administrative assistant without doing a background check, and that the employee, once hired would be following and investigating people.

22. On another occasion, the Sheriff asked Ms. Paris for the home addresses of other personnel so that she could have them followed.

23. In July 2020, the Sheriff directed Ms. Paris to approve time off for an employee who was not eligible for the time off. When Ms. Paris objected to this, the Sheriff again threatened to fire Ms. Paris and became angry at her for consulting with the Central Human Resources office.

24. Also in July 2020, the Sheriff improperly directed Ms. Paris to give her files of employees who had sued the City so that she could fire or

demote them.

25. The Sheriff admonished Ms. Paris for following HIPPA when Ms. Paris refused to release another employee's medical records to the Sheriff. The Sheriff said that HIPPA does not apply to her.

26. Both Muse and the Sheriff on different occasions asked Ms. Paris to violate HIPPA laws and to give them an employee's medical files. Ms. Paris was reprimanded for her refusal to provide the medical records.

27. Then, in August 2020, Ms. Paris was falsely accused of improperly revealing another employee's medical information and was terminated from her job on August 7, 2020.

28. At the time of her termination, Ms. Paris was told that she could bring her work laptop back to the Sheriff's Office when she had the opportunity.

29. After Ms. Paris's termination, Muse sent the Deputy Sheriff to Ms. Paris's house wearing tactical gear allegedly to retrieve her laptop. The tactical team told Ms. Paris's neighbors that they were there because Ms. Paris had property of the Sheriff's Office.

30. Ms. Paris also received adverse employment treatment due to her Christian religion because she witnessed the Sheriff giving preferential treatment to Muslim employees.

## COUNT I

**(Sexual Harassment, Title VII, 42 U.S.C. §2000(e)-2(a)(1))**

31. Plaintiff hereby incorporates by reference paragraphs 1 through 30 above as though fully set forth herein.

32. Plaintiff was subjected to severe, pervasive and unwelcome negative treatment in her job on the basis of her sex.

33. During the course of plaintiff's employment, Defendants created and allowed to exist a hostile work environment and harassed plaintiff on the basis of plaintiff's sex. Such harassment was in violation of Title VII, 42 U.S.C. §2000(e)-2(a)(1).

34. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1) Compensatory damages;

(2) Punitive damages;

(3) Counsel fees and court costs; and

(4) Such other and further relief as this Court deems appropriate.

## COUNT II
**(Sex Discrimination, Title VII, 42 U.S.C. §2000(e)-2(a)(1))**

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 above as though fully set forth herein.

36. During the course of plaintiff's employment, Defendants made adverse job decisions based upon Plaintiff's sex in violation of Title VII, 42 U.S.C. §2000(e)-2(a)(1).

37. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1)  Compensatory damages;

(2)  Punitive damages;

(3)  Counsel fees and court costs; and

(4)  Such other and further relief as this Court deems appropriate.

## COUNT III
**(Religious Discrimination, Title VII, 42 U.S.C. §2000(e)-2(a)(1))**

38. Plaintiff hereby incorporates by reference paragraphs 1 through 37 above as though fully set forth herein.

39. During the course of plaintiff's employment, Defendants made adverse job decisions based upon Plaintiff's

Christian religious beliefs in violation of Title VII, 42 U.S.C. §2000(e)-2(a)(1).

40. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1) Compensatory damages;

(2) Punitive damages;

(3) Counsel fees and court costs; and

(4) Such other and further relief as this Court deems appropriate.

## COUNT IV
**(Race Discrimination, Title VII, 42 U.S.C. §2000(e)-2(a)(1))**

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40 above as though fully set forth herein.

42. During the course of plaintiff's employment, Defendants made adverse job decisions based upon Plaintiff's race in violation of Title VII, 42 U.S.C. §2000(e)-2(a)(1).

43. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1) Compensatory damages;

(2) Punitive damages;

(3) Counsel fees and court costs; and

(4) Such other and further relief as this Court deems appropriate.

## COUNT V
### (Retaliation, Title VII, 42 U.S.C. §2000(e)-2(a)(1))

44. Plaintiff hereby incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

45. Plaintiff participated in an activity protected by federal law when she reported her claim of sexual harassment to Defendants.

46. Plaintiff was subjected to adverse employment action as described herein, including her unlawful termination of her employment.

47. Plaintiff was subjected to adverse employment action because of her participation in the protected activity of reporting her claim of sexual harassment.

48. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1) Compensatory damages;

(2) Punitive damages;

(3) Counsel fees and court costs; and

(4) Such other and further relief as this Court deems appropriate.

## COUNT VI

**(Whistleblower, Pennsylvania Statutes Title 43 P.S. Labor § 1424** )

49. Plaintiff hereby incorporates by reference paragraphs 1 through 48 above as though fully set forth herein.

50. During her employment Plaintiff had reported in good faith, verbally and/or in writing, instances of wrongdoing within the Sheriff's Office to Defendants.

51. Plaintiff was subjected to adverse employment action as described herein, including her unlawful termination of her employment.

52. Plaintiff was subjected to adverse employment action because of her good faith reporting of instances of wrongdoing.

53. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1) Compensatory damages;

(2) Punitive damages;

(3) Counsel fees and court costs; and

(4) Such other and further relief as this Court deems appropriate.

## COUNT VII

**(PA Human Rights Act, Pennsylvania Statutes Title 43 P.S. Labor § § 951-963)**

54. Plaintiff hereby incorporates by reference paragraphs 1 through 53 above as though fully set forth herein.

55. Defendants discriminated against Plaintiff on the basis of her sex in violation of the Pennsylvania Human Rights Act, Pennsylvania Statutes Title 43 P.S. Labor § § 951-963.

56. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1) Compensatory damages;

(2) Punitive damages;

(3) Counsel fees and court costs; and

(4) Such other and further relief as this Court deems appropriate.

## COUNT VIII

**(PA Human Rights Act,** Pennsylvania Statutes Title 43 P.S. Labor § § 951-963)

57. Plaintiff hereby incorporates by reference paragraphs 1 through 56 above as though fully set forth herein.

58. Defendants discriminated against Plaintiff on the basis of her religion in violation of the Pennsylvania Human Rights Act, Pennsylvania Statutes Title 43 P.S. Labor § § 951-963.

59. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and

shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

    WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

    (1)    Compensatory damages;

    (2)    Punitive damages;

    (3)    Counsel fees and court costs; and

    (4)    Such other and further relief as this Court deems appropriate.

## COUNT IX

**(PA Human Rights Act,** Pennsylvania Statutes Title 43 P.S. Labor § § 951-963)

60. Plaintiff hereby incorporates by reference paragraphs 1 through 59 above as though fully set forth herein.

61. Defendants discriminated against Plaintiff on the basis of her race in violation of the Pennsylvania Human Rights Act, Pennsylvania Statutes Title 43 P.S. Labor § § 951-963.

62. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1)   Compensatory damages;

(2)   Punitive damages;

(3)   Counsel fees and court costs; and

(4)   Such other and further relief as this Court deems appropriate.

## COUNT X

**(PA Human Rights Act,** Pennsylvania Statutes Title 43 P.S. Labor § § 951-963)

63. Plaintiff hereby incorporates by reference paragraphs 1 through 62 above as though fully set forth herein.

64. Defendants sexually harassed Plaintiff on the basis of her sex in violation of the Pennsylvania Human Rights Act, Pennsylvania Statutes Title 43 P.S. Labor § § 951-963.

65. Plaintiff was subjected to severe, pervasive and unwelcome negative treatment in her job on the basis of her sex.

66. During the course of plaintiff's employment, Defendants created and allowed to exist a hostile work environment and harassed plaintiff on the basis of plaintiff's sex.

67. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(1)   Compensatory damages;

(2)   Punitive damages;

(3)     Counsel fees and court costs; and

(4)     Such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial (consisting of twelve jurors) in this action.

Respectfully submitted,

Dated: January 27, 2021                                         s/ Robert J. McNelly, Esquire
                                                                Attorney I.D. 84898